**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------- X

ANABEL PEREZ, as parent and natural guardian of
GIOVANNI LEE GUZMAN, a minor,

Plaintiff,

   -against-

THE CITY OF NEW YORK, a municipal entity;
New York City Police Officer IVAN CALERO
(Shield No. 954590) in his individual capacity; New
York City Police Sergeant JOSEPH RIVERA in his
individual capacity; and "JOHN and/or JANE
DOES" 1, 2, 3, etc. (whose identity are unknown but
who are known to be personnel of the New York City
Police Department), all of whom are sued in their
individual capacities,

Defendants.

-------------------------------------------------------------------- X

**COMPLAINT**

**JURY TRIAL**

     Plaintiff ANABEL PEREZ ("PEREZ"), as parent and natural guardian of GIOVANNI LEE GUZMAN ("GUZMAN"), a minor, by her attorneys, Beldock Levine & Hoffman LLP, as and for her complaint against the defendants alleges as follows:

**PRELIMINARY STATEMENT**

     1.    This civil rights action seeks redress under 42 U.S.C. § 1983 and New York State law for injuries GUZMAN suffered from the unconstitutional conduct of defendants THE CITY OF NEW YORK, and New York City Police Officer CALERO (Shield No. 954590), New York City Police Sergeant RIVERA, and New York City Police Officers "JOHN and/or JANE DOES" 1, 2, 3, etc.

     2.    On or about the evening of July 16, 2014, fifteen-year-old GUZMAN was walking down a Bronx street with his girlfriend.  Without warning, defendant Officer CALERO grabbed

GUZMAN and threw him to the ground. While GUZMAN laid, handcuffed, in a dirt pit enclosing a tree, a group of officers punched, kicked, and stomped on him. GUZMAN was taken to the 41st Precinct where he was held for approximately four hours before being released. No criminal charges were filed against him.

3.     Plaintiff seeks redress for substantial injuries GUZMAN suffered when he was unlawfully detained, arrested, and assaulted.  Plaintiff seeks (i) compensatory damages for physical injuries, psychological and emotional distress, and financial loss caused by the illegal actions of the defendants; (ii) punitive damages to deter such intentional or reckless deviations from well-settled constitutional law; and (iii) such other and further relief, including costs and attorney's fees, as this Court deems equitable and just.

## JURISDICTION

4.     Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343(a)(3) and (a)(4), as this action seeks redress for the violation of GUZMAN's constitutional and civil rights.

5.     Supplemental jurisdiction is conferred upon this Court by 28 U.S.C. § 1367(a) over any and all state law claims that are so related to the federal claims that they form part of the same case or controversy.

## VENUE

6.     Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which the events giving rise to plaintiff's claims took place.

## JURY DEMAND

7.     Plaintiff demands a trial by jury in this action on each and every one of his claims for which jury trial is legally available.

## THE PARTIES

8.      Plaintiff ANABEL PEREZ is the mother and natural guardian of GIOVANNI LEE GUZMAN, who is a minor.  At all times relevant to this complaint, GUZMAN was a 15-year-old student high-school student.  PEREZ and GUZMAN are citizens of the United States, and were at all times relevant to this complaint residents of Bronx County, City and State of New York.

9.      Defendant THE CITY OF NEW YORK ("the City") is a municipal entity created and authorized under the laws of the State of New York.

10.     The City is authorized by law to maintain a police department, and does maintain the New York City Police Department ("NYPD"), which acts as its agent in the area of law enforcement and for which it is ultimately responsible.  The City assumes the risks incidental to the maintenance of a police force and the employment of police officers.

11.     Defendants New York City Police Officer IVAN CALERO (Shield No. 954590), New York City Police Sergeant JOSEPH RIVERA, and JOHN and/or JANE DOES 1, 2, 3, etc. ("DOES") (collectively "Individual Defendant Officers") are NYPD Police Officers who unlawfully stopped, detained, and arrested plaintiff without suspicion of any illegal activity and using excessive force.

12.     Upon information and belief, defendants Officer CALERO, Sergeant RIVERA, and DOES are still NYPD Police Officers.

13.     At all times relevant herein, defendants Officer CALERO, Sergeant RIVERA, and DOES have acted under color of state law in the course and scope of their duties and/or functions as agents, employees, and/or officers of the City and/or the NYPD, and incidental to the lawful pursuit of their duties as agents, employees, and/or officers of the City and/or the NYPD.

14.     At all times relevant herein, defendants Officer CALERO, Sergeant RIVERA, and DOES violated clearly established rights and standards under the Fourth and Fourteenth Amendments to the United States Constitution, of which a reasonable police officer in their circumstances would have known.

## COMPLIANCE WITH NEW YORK GENERAL MUNICIPAL LAW

15.     PEREZ served a Notice of Claim upon the City of New York within ninety days of the events giving rise to her claims.

16.     PEREZ and GUZMAN attended a hearing pursuant to section 50-h of the New York General Municipal Law on March 10, 2015.

17.     More than thirty days have elapsed since plaintiff served her Notice of Claim and the City has not offered adjustment or payment of her claim.

18.     This action is filed within one year and ninety days of the events giving rise to plaintiff's claims.

## STATEMENT OF FACTS

19.     GUZMAN is a high school student, who, before the incident alleged below, had never been arrested.

20.     On or about the evening of July 16, 2014, GUZMAN was at home with Xiara Lopez, his girlfriend, and PEREZ, his mother.

21.     PEREZ asked GUZMAN to go to the store to purchase groceries.

22.     GUZMAN and Lopez left the apartment and walked down 165th Street toward the store.

23.     Along the way, GUZMAN and Lopez stopped and sat on a fire hydrant.

24.     A marked NYPD patrol car, carrying two uniformed officers, parked across the street from GUZMAN and Lopez.

25.     Approximately 15 minutes later, GUZMAN and Lopez stood up and began walking away from the patrol car and toward the store.

26.     As GUZMAN and Lopez walked down 165th Street they noticed the patrol car driving toward them, in reverse.

27.     As the patrol car came closer to GUZMAN and Lopez, an NYPD officer, who upon information and believe was defendant Officer CALERO, exited the car and began running toward them.

28.     Without warning or provocation, Officer CALERO approached GUZMAN, grabbed him, and slammed him against a building.

29.     GUZMAN asked, in sum and substance, "What did I do?" Officer CALERO did not respond.

30.     Lopez began screaming and hugging GUZMAN as Officer CALERO held GUZMAN against the building.

31.     Officer CALERO then grabbed GUZMAN by his neck and threw him to the ground.

32.     GUZMAN repeatedly asked Officer CALERO what he did, but Officer CALERO did not respond.

33.     As GUZMAN was lying face-down on the ground, in a dirt pit enclosing a tree, Officer CALERO handcuffed him.

34.     Lopez asked Officer CALERO, in sum and substance, "What did he do? He is a minor."

35.     The other officer, who upon information and belief was Sergeant RIVERA, exited the patrol car and approached GUZMAN, Lopez, and Officer CALERO.

36.     Defendant Officers DOES 1-11 arrived at the area where Officer CALERO was holding the handcuffed GUZMAN on the ground.

37.     Officer DOES 1-11 and Sergeant RIVERA approached GUZMAN and began punching, kicking, and stomping on him.
One or more of the officers pushed GUZMAN's head into the dirt.

38.     After they finished assaulting GUZMAN, the Defendant Officers pulled GUZMAN to his feet, forced him into the patrol car, and drove him to the 41st Precinct.

39.     After GUZMAN arrived at the precinct he was photographed and placed in a holding cell, where he was handcuffed to a bench.

40.     GUZMAN made several requests for a cup of water while he was in the holding cell which were ignored.

41.     Although an officer told GUZMAN that they were going to give him a summons – without explaining what offense he had committed – GUZMAN never received a summons.

42.     An officer called GUZMAN's mother, PEREZ, and told her that her son was in custody at the 41st Precinct.

43.     When PEREZ arrived at the precinct, she saw her son handcuffed to the bench in the holding cell with cuts and bruises on his face and upper body.

44.     PEREZ asked officers in the precinct for a pen to write down the names of the officers who assaulted her son, but everyone at the precinct ignored her.

45.     She eventually left the precinct to purchase a pen and when she returned, she wrote down the names of Officer CALERO and Sergeant RIVERA.

46.    At approximately this time, GUZMAN was taken out of the holding cell and told that he was free to leave.

47.    The entire time GUZMAN was in custody, defendant officers did not read him his *Miranda* rights.

48.    Following GUZMAN's release from custody, PEREZ took him to Lincoln Hospital to receive treatment for the injuries he sustained at the hands of the individual defendants.

49.    As a result of the individual defendants' conduct, GUZMAN sustained serious physical injuries that caused him substantial pain and suffering and required medical treatment.

50.    As a result of the individual defendants' conduct, GUZMAN experienced humiliation and embarrassment and suffered – and continues to suffer – severe psychological and emotional distress.

### FIRST CAUSE OF ACTION
**42 U.S.C. § 1983 – Individual Defendant Officers' Violations of
Plaintiff's Fourth and Fourteenth Amendment Rights**

51.    Plaintiff realleges and incorporates by reference each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

52.    In committing the acts and omissions complained of herein, defendants Officer CALERO, Sergeant RIVERA, and DOES acted under color of state law to deprive GUZMAN of certain constitutionally protected rights under the Fourth and Fourteenth Amendments to the United States Constitution, including, but not limited to:

      a.   the right to be free from unreasonable search and seizure;

      b.   the right to be free from arrest without probable cause;

      c.   the right to be free from arrest without excessive force;

d. the right to be free from false imprisonment, that being wrongful detention without good faith, reasonable suspicion, or legal justification, and of which detention plaintiff was aware and to which he did not consent; and

e. the right to be free from deprivation of liberty without due process of law.

53.     In committing the acts and omissions complained of herein, defendants Officer CALERO, Sergeant RIVERA, and DOES breached their affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence.

54.     As a direct and proximate result of defendants Officer CALERO, Sergeant RIVERA, and DOES's deprivation of GUZMAN's constitutional rights, plaintiff suffered the injuries and damages set forth above.

55.     The unlawful conduct of defendants Officer CALERO, Sergeant RIVERA, and DOES was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed.

## SECOND CAUSE OF ACTION
### Violations of the New York State Constitution

56.     Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

57.     Such conduct breached the protections guaranteed to GUZMAN by the New York State Constitution, including but not limited to, Article 1, §§ 1, 11, and 12, and including the following rights:

a. freedom from unreasonable search and seizure of his person and property;

b. freedom from arrest without probable cause;

c. freedom from use of excessive force;

8

    d.   freedom from false imprisonment, that being wrongfully detained without good faith, reasonable suspicion, or legal justification, and of which wrongful detention plaintiff was aware and did not consent;

    e.   freedom from the lodging of false charges against him by police officers and prosecutors, including on information and belief, by some or all of the individual defendants; and

    f.   freedom from deprivation of liberty without due process of law.

58.    As a direct and proximate result of defendants' deprivations of GUZMAN's rights, privileges, and immunities guaranteed by the New York State Constitution, he suffered the injuries and damages set forth above.

## THIRD CAUSE OF ACTION
### Assault and Battery

59.    Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

60.    Defendants Officer CALERO, Sergeant RIVERA, and DOES, without just cause, wilfully and maliciously used physical force against GUZMAN causing him injuries.

61.    Defendants Officer CALERO, Sergeant RIVERA, and DOES committed the foregoing acts intentionally, wilfully, and with malicious disregard for GUZMAN's rights, and are therefore liable for punitive damages.

## FOURTH CAUSE OF ACTION
### False Imprisonment

62.    Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

63.    Defendants Officer CALERO, Sergeant RIVERA, and DOES, through the foregoing acts, caused GUZMAN to be wrongfully detained without good faith, reasonable

suspicion, or legal justification, and of which detention GUZMAN was aware and to which he did not consent.

64.     Defendants Officer CALERO, Sergeant RIVERA, and DOES committed the foregoing acts intentionally, willfully, and with malicious disregard for GUZMAN's rights and are therefore liable for punitive damages.

## FIFTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress

65.     Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

66.     Defendants Officer CALERO, Sergeant RIVERA, and DOES, through the foregoing acts, did commit extreme and outrageous conduct and thereby intentionally, and/or recklessly caused GUZMAN to experience severe mental and emotional distress, pain, suffering, and damage to name and reputation.

67.     Defendants Officer CALERO, Sergeant RIVERA, and DOES committed the foregoing acts intentionally, willfully, and with malicious disregard for GUZMAN's rights and are therefore liable for punitive damages.

## SIXTH CAUSE OF ACTION
### Negligence

68.     Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

69.     Defendants Officer CALERO, Sergeant RIVERA, and DOES owed plaintiff a duty of care, including the duty to exercise due care in the course of their duties as NYPD officers and the duty to protect citizens from the intentional misconduct of other NYPD officers.

70.     Defendants Officer CALERO, Sergeant RIVERA, and DOES, through the foregoing acts, negligently failed to use due care in the performance of their duties in that they

failed to perform their duties with the degree of care that a reasonably prudent and careful officer would have used under similar circumstances.

71.     All of these acts were performed without any negligence on the part of GUZMAN and were the proximate cause of the injuries to plaintiff.

## SEVENTH CAUSE OF ACTION
### Negligent Infliction of Emotional Distress

72.     Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

73.     As police officers acting in the performance of their duties, defendants Officer CALERO, Sergeant RIVERA, and DOES owed GUZMAN a duty of care.

74.     In breach of that duty, defendants Officer CALERO, Sergeant RIVERA, and DOES endangered GUZMAN's safety and caused him to fear for his safety.

75.     As a result, plaintiff suffered emotional distress.

## EIGHTH CAUSE OF ACTION
### Negligent Hiring, Training, and Supervision Under State Law; Defendant City of New York

76.     Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

77.     The City is liable to plaintiff because of its intentional, deliberately indifferent, careless, reckless, and/or negligent failure to adequately hire, train, supervise, and discipline its agents, servants, and/or employees employed and/or the NYPD with regard to their aforementioned duties.

## NINETH CAUSE OF ACTION
### *Respondeat Superior*

11

78.     Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

79.     At all relevant times, defendants Officer CALERO, Sergeant RIVERA, and DOES were employees of the City and were acting within the scope of their employment.

80.     The City is therefore vicariously liable under the doctrine of *respondeat superior* for the actions of defendants Officer CALERO, Sergeant RIVERA, and DOES set forth herein.

## DEMAND FOR RELIEF

**WHEREFORE**, Plaintiff demands the following relief against the defendants, jointly and severally:

(a)     compensatory damages in an amount just and reasonable and in conformity with the evidence at trial;

(b)     punitive damages from Officer CALERO, Sergeant RIVERA, and DOES to the extent allowable by law;

(c)     attorney's fees;

(d)     the costs and disbursements of this action;

(e)     interest; and

(f)     such other and further relief as this Court deems just and proper.

Dated: New York, New York
       October 14, 2015

Jonathan C. Moore
Joshua S. Moskovitz
Keith M. Szczepanski
BELDOCK LEVINE & HOFFMAN LLP
99 Park Avenue, PH/26th Floor
New York, New York 10016
(212) 490-0400

*Attorneys for Plaintiff Anabel Perez, as parent
and natural guardian of Giovanni Lee Guzman,
a minor*